UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARENDON AMERICA INSURANCE COMPANY, | ) ) ) | Case No. 07-1966 SC |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO |
| v. | ) ) | <u>DISMISS OR STAY</u> |
| SORG CORPORATION; PARKER E. SORG; AND COMERICA BANK-CALIFORNIA, | ) ) ) | |
| Defendants. | ) ) | |

**I. INTRODUCTION**

On April 6, 2007, Plaintiff Clarendon America Insurance Company ("Plaintiff" or "Clarendon") filed a complaint against Defendants Sorg Corporation, Parker E. Sorg (collectively "Sorg"), and Comerica Bank-California (collectively with Sorg, "Defendants").  <u>See</u> Docket No. 1.  Presently before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, to stay the action pending resolution of a related state court action.  <u>See</u> Docket No. 11. Plaintiff opposed the motion and Defendants filed a reply.  <u>See</u> Docket Nos. 24, 25.

For the reasons discussed herein, the Court GRANTS Defendants' motion and STAYS the case pending resolution of the related state court action.

## II. BACKGROUND

On December 11, 2006, a complaint was filed in the Superior Court of California, County of Contra Costa, a case titled <u>Comerica Bank-California v. Parker E. Sorg, et al.</u>, Case No. C-06-02434 (the "Comerica Bank action"). In April of 2007, cross-complaints were filed between Sorg and R. V. Stich Construction. The complaint and cross-complaints comprise the "Underlying Action" at issue in this case. Sorg tendered the defense of the Comerica Bank action to Clarendon, which accepted under an express reservation of rights. Sorg also tendered the defense of a cross-complaint to Clarendon, which has not accepted defense. Clarendon contends that it is not responsible for defense of Sorg because Comerica Bank seeks purely economic financial damages rather than damages arising from physical injury to property. Clarendon filed the instant action in federal court seeking declaratory relief and contending that it does not owe a duty to provide either defense or indemnity to Sorg in the Underlying Action.

## III. LEGAL STANDARD

This Court has the authority to grant declaratory relief as a remedy, and it is often sought by insurers in federal court to determine coverage. <u>See</u> 28 U.S.C. § 2201; <u>see e.g.</u>, <u>United States v. Transp. Indem. Co.</u>, 544 F.2d 393 (9th Cir. 1976).

In <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 495 (1942), the Supreme Court discussed the factors for the district court to consider in deciding whether to accept or decline jurisdiction over a declaratory relief action.

   The Brillhart factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."

Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) ("Dizol").

## IV. DISCUSSION

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). In deciding whether to dismiss or stay this declaratory relief action, the three Brillhart factors guide the Court's decision.

Plaintiff's argument that Brillhart and Dizol do not apply fails. In Dizol, the court stated, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." 133 F.3d at 1225. Plaintiff argues that since it is not a party to the Underlying Action, the state court action does not involve the same parties and thus the Brillhart factors should be given little weight, if any. See Opp'n at 5. Contrary to Plaintiff's assertion, the Ninth Circuit has found that state court actions not involving the insurance carrier were sufficiently parallel to the declaratory relief action to merit consideration and dismissal under Brillhart. See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir. 1995), overruled, in part, on other grounds, Dizol, 133 F.3d 1220; Golden Eagle Ins. Co. v. Travelers Cos., 103

3

1 F.3d 750 (9th Cir 1996), <u>overruled, in part, on other grounds</u>,
2 <u>Dizol</u>, 133 F.3d 1220.  Thus, the Court will consider the <u>Brillhart</u>
3 factors.

4     Having reviewed the submissions by the parties and relevant
5 case law, the Court will exercise its discretion to stay the case.
6 A stay will satisfy the first <u>Brillhart</u> factor by avoiding the
7 needless determination of state law issues.  This case involves a
8 determination of insurance coverage under California state law.
9 Traditionally, "states ha[ve] a free hand in regulating the
10 dealings between insurers and their policyholders."  <u>SEC v. Nat'l</u>
11 <u>Sec., Inc.</u>, 393 U.S. 453, 459 (1969).  Moreover, the California
12 Supreme Court has stated, "[t]o eliminate the risk of inconsistent
13 factual determinations that could prejudice the insured, a stay of
14 the declaratory relief action pending resolution of the third
15 party suit is appropriate when the coverage question turns on
16 facts to be litigated in the underlying action."  <u>Montrose Chem.</u>
17 <u>Corp. v. Superior Court</u>, 861 P.2d 1153, 1162 (Cal. 1993).  Were
18 this Court to decide Plaintiff's declaratory relief action now, it
19 would be forced to determine state law issues more easily resolved
20 in state court in the Underlying Action.

21     The second <u>Brillhart</u> factor, avoiding forum shopping, also
22 favors a stay.  The state court is eminently capable of
23 determining the insurance coverage issue in the Underlying Action.
24 The Court sees no need to provide Clarendon with an alternate
25 forum while the Underlying Action is pending.

26     Finally, the third <u>Brillhart</u> factor, avoiding duplicative
27 litigation, also favors Defendants' position.  The key factor is

28

that the Underlying Action involves the same factual issues as this case. Specifically, the coverage issue presented by Clarendon arises from an identical question of fact regarding the nature and extent of Comerica's damages arising from property damage. The answer to this and other questions pending before the state court will determine the scope of Clarendon's duty to defend and indemnify Sorg. See Reply, 3.

Consideration of the three Brillhart factors weighs in favor of allowing the state court to resolve the issues posed in the Underlying Action.

## V. CONCLUSION

For the reasons discussed herein, the Court GRANTS Defendants' Motion and STAYS the case pending resolution of the Underlying Action in state court.

IT IS SO ORDERED.

Dated: June 29, 2007

UNITED STATES DISTRICT JUDGE

5